[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10853
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 1, 2010
JOHN LEY
CLERK

D.C. Docket No. 2:09-cr-00180-SLB-RRA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALTER LEE ECHOLS,

Defendant-Appellant

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(December 1, 2010)

Before TJOFLAT, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Walter Lee Echols pled guilty to possession of a firearm by a convicted

felon, in violation of 18 U.S.C. § 922(g)(1), and the district court sentenced him to

a prison term of 72 months. He appeals his sentence, presenting two arguments for reversal. First, in determining his offense level under the Sentencing Guidelines, the district court erred in enhancing the base offense under U.S.S.G. § 2K2.1(b)(4)(A)—which calls for a two-level increase in the base offense level if the subject firearm was stolen—because the Government failed to establish that the firearm was stolen. Second, but for the enhancement, the district court would have imposed a lesser sentence.

Whether a firearm was "stolen" for purposes of § 2K2.1(b)(4)(A) is a question of fact that we review for clear error only. *See United States v. Walker*, 490 F.3d 1282, 1299 (11th Cir. 2007). However, "it is not necessary to decide guidelines issues or remand cases for new sentence proceedings where the guidelines error, if any, did not affect the sentence." *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006). Instead*,* we affirm a district court's sentence if the record includes evidence that the district court would have imposed the same sentence even if it had not applied the enhancement.

In this case, we do not decide whether the district court clearly erred in applying an enhancement under U.S.S.G. § 2K2.1(b)(4)(A) because any error would be harmless. At the sentencing hearing, the district court stated that it would have imposed the same sentence even if it had found the stolen-firearm

enhancement to be inapplicable. In that circumstance, Echols's resulting sentencing range under the Guidelines would have been 51-63 months' imprisonment, making his sentence of 72 months a 9-month upward variance from the high end of that range.

As the district court correctly noted, Echols has an extensive criminal history and has demonstrated a high likelihood of recidivism. An upward variance provided was needed to promote respect for the law, to provide general deterrence, and to protect the public from Echols's criminal behavior. *See* 18 U.S.C. § 3553(a)(1), (2), (3). Therefore, the imposed sentence was sufficiently justified, and any error in imposing the stolen-firearm enhancement was harmless. *See United States v. Irey*, 612 F.3d 1160, 1187 (11th Cir. 2010) (en banc); *Keene*, 470 F.3d at 1349.

AFFIRMED.